# MARK NORRIS *versus* CEPHAS HAWKS, JAMES HUTCHINSON and MARCUS LANE.
### January 19, 1838

O. Hawkins, attorney for plaintiff in certiorari.
M. Lane, attorney for defendants in certiorari.

[INDORSEMENT]

Norris
vs
Lane et al.

[OPINION]

Mark Norris
vs.
Marcus Lane et al.
} Sup. Ct. Sec$^d$ Cir. Jan. Tr. 1838

Certio. to Justice of the Peace.
Plf. in Er. & Defts. Lane &
Hawks

By a stipulation of the parties, the affidavit is substituted for the return—it is agreed that the facts set forth in the affid$^t$ shall be the facts in the case on which the court decide—

By affi[t] it appears, that Defts. in Error, were joint owners of certain real estate, called Brewery property—that Plf. in Er. occupied said Brew. prop. under a lease or agree[t] of the Defts.—

Plf. in Er. paid the rent, amounting to about $10.00 to Lane one of joint owners—

In July last, Hutchinson, one of the joint owners of the s[d] property, commenced an action ags[t] Plf. in Er. in name of all the Defts. in Er. for recovery of the rents, which had accrued—

After the commence[t] of the suit, & before the return day of the writ—Lane informed Plf. in Er. that the suit should be discont[d] & that he need not give himself any trouble about it—

In pursuance of this agree[t] Lane, before the return day of the summons—directed the Justice to discontinue the suit—informed the Justice that the suit was brought in his name contrary to his wishes, and that the Plf. in Er. had fully accounted to him for the rents, to recover which the action was brought—

The Plf. in Er. did not appear before the justice, to defend the suit, in consequence of the agree[t] of Lane to discontinue—At the instance of Hutchinson, one of the Defts. in Er. Justice proceeded to hear the cause and rendered Judg[t] for Plfs. to recover $9.85 Dam[s] & their costs That there was no evidence of a privity of contract, between the parties, on the hearing before the Justice

Plf. in Er. excepts to this proceeding, insisting, that the rents for which the action was brought having been paid to one of the joint owners of the leased property, that Plf. was thereby forever discharged from liability to either & all the Defts—

And that this fact having been made known to the Justice,

& he directed to discontinue suit committed Error, in proceeding afterwards to render judg$^t$ in the case—especially in absence of Plf. and without proof of privity of contract, between parties—

The pay$^{ts}$ of the rents by the Plf. to *one* of the joint owners, was unquestionably a finale & complete discharge of the Plf's. liability to the joint claim of the Defts—

Judg$^t$ being rendered for Defts. to recover am$^t$ of debt, after the lease had been fully paid & discharged—is erroneous —& the judg$^t$ must be reversed & the Plf. in Er. recover his costs—